[Civ. No. 747.     Third Appellate District.—December 19, 1910.]

In re CONTEST OF ELECTION OF SUPERVISORS FOR SECOND SUPERVISOR DISTRICT, COUNTY OF LASSEN. S. S. BASS, Contestant, Appellant, v. G. B. LEAVITT, Contestee, Respondent.

ELECTION CONTEST—BALLOTS—LEGALITY—MARKS NOT DISTINGUISHING. Ballots do not have distinguishing marks affecting their legality, merely because the voter used the stamp from top to bottom, causing the impression to be dimmer, as the ink gave out, until he reached the bottom, nor by reason of the blurring of a stamp mark from moving the hand while the impression was made, nor by reason

of ink marks, either on the face or back of ballots, which show no evidence of design,· but manifestly appear to have resulted from careless handling of the ballots in counting the same.

APPEAL from a judgment of the Superior Court of Lassen County. H. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

Wm. M. Boardman, and Rankin & Julian, for Appellant.

Pardee & Pardee, for Respondent.

CHIPMAN, P. J.—This case has been here on appeal once before the present appeal, and is reported in *Bass* v. *Leavitt,* 11 Cal. App. 582, [105 Pac. 771]. At the first trial the court below determined the vote to be a tie. On appeal certain ballots were examined and passed upon by this court, the result of which was to show that contestee Leavitt had a majority so far as the record then disclosed. The judgment was reversed and the cause remanded, for the reason that only certain ballots were brought up for review, leaving the remaining ballots subject to future determination should a retrial take place. At the second trial Leavitt had judgment that he had received a majority of all the legal votes and was duly elected.

The appeal now here involves the legality of ballots numbered 63, 151, 165, 150, 113, 92, 123, 137, 172, all of which were counted for Leavitt and giving him, as found by the court, a majority of three votes. We shall confine ourselves to the single inquiry, Were the ballots drawn in question correctly adjudged to be legal?

Following the order in which appellant attacks them, the first is 172. The objection is that no cross appears after the name, Leavitt. There is an impression there in the same colored ink as elsewhere used, and of about the same size. Fairly considered, it would seem that the voter used the stamp from top to bottom of the ticket, the ink giving out as he progressed and the impression growing dimmer as he reached the bottom. We think the mark was made by the voter with the stamp, and was not intended as a distinguishing mark.

Ballot 151 is objected to because there is an ink mark after the name, Norton, Independence League candidate for presidential elector. This mark shows no evidence of design. It appears to have resulted from careless handling of the ballot in counting.

Ballot 169 is objected to because of a distinguishing mark after the word ''No'' opposite the words ''Senate Constitutional Amendment No. 34.'' It is apparent that the mark was made with the stamp and the blurring was caused by the hand moving while the impression was being made.

Ballot 92 is objected to on much the same ground as ballot 169, but there is less merit than to the objection to ballot 92.

Ballot 123 is objected to because of a distinguishing mark after the name of Frank K. Murasky. We discover no mark of any kind as claimed; the square is free from any mark.

Ballot 137 has some ink marks or blotches on the back. But these seem more likely to have been made by careless handling at the counting of the ballots than from any purpose.

Ballots 63, 165, 150 and 113 are objected to as containing identification marks. We can discover nothing in these ballots to support the objection.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1911.